**John W. HOLDER, Plaintiff,**

v.

**CITY OF ALLENTOWN,
et al., Defendants.**

Civ. A. No. 91–240.

United States District Court,
E.D. Pennsylvania.

Aug. 18, 1993.

---

Malcolm J. Gross, Gross, McGinley, La-Barre & Eaton, Allentown, PA, for plaintiff.

Alan M. Black, Black, McCarthy, Eidelman, Anewalt & Kercher, P.C., Allentown, PA, for defendants.

*MEMORANDUM & ORDER*

HUYETT, District Judge.

Plaintiff John W. Holder has filed a motion to amend his amended complaint in this 42 U.S.C. § 1983 action arising out of plaintiff's termination from employment with the City of Allentown. Plaintiff seeks leave to amend his amended complaint to add claims under the Fourth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 7 and 8 of the Pennsylvania Constitution, and under state tort law. For the reasons stated in the accompanying memorandum, plaintiff's motion shall be granted in part and denied in part.

## I. INTRODUCTION

This action arises from the termination of plaintiff John W. Holder from employment with the City of Allentown. Plaintiff alleges that he was terminated in retaliation for letter he wrote to the editor of *The Morning Call* newspaper, in which he criticized the city council for retaining a city ordinance requiring that all new municipal employees become residents of the City of Allentown. In his original complaint, plaintiff alleged that in terminating him, defendants had violated plaintiff's freedom of speech, freedom of association, due process and equal protection rights under the First, Fifth and Fourteenth Amendments of the United States Constitution. In April of 1991 this Court dismissed plaintiff's claims based upon the alleged deprivation of his right to life and property without due process, his equal protection claim, and his punitive damages claim against the City. Plaintiff was also granted leave to refile his remaining claims, as they were inadequately stated in the original complaint. Plaintiff then filed an amended complaint alleging violations of his freedom of speech, freedom of association and his due process rights.

This Court dismissed plaintiff's amended complaint in its entirety in March of 1992. However, on appeal the Third Circuit held that although plaintiff failed to state a claim based upon his freedom of association and

due process, his claim based upon his freedom of speech should have survived a motion to dismiss. 987 F.2d 188. Hence, on remand, plaintiff's amended complaint contains only a claim for the violation of his freedom of speech.

Plaintiff now wishes to amend his amended complaint to include new claims for the violation of his rights of privacy under the United States and Pennsylvania Constitutions and state tort law. These new claims are based on plaintiff's recent discovery that employees of the City of Allentown had engaged in the unauthorized use of the Criminal Law Enforcement Assistant Network ("CLEAN") to obtain plaintiff's motor vehicle registration information. According to plaintiff, the unauthorized use of the CLEAN system to investigate him was an unlawful invasion of his privacy giving rise to causes of action under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 8 of the Pennsylvania Constitution, as well as a common law claim for invasion of privacy.

Defendants object to the inclusion of plaintiff's new claims in the amended complaint, except for plaintiff's claim under Article I, Section 7 of the Pennsylvania Constitution.[1] In essence, defendants contend that because plaintiff's new claims would not withstand a motion to dismiss, a motion to amend the complaint to add those claims should be denied. *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). Further, defendants assert that plaintiff's demands for punitive damages against the City of Allentown should not be allowed in light of this Court's Order of April 25, 1991, dismissing those punitive damage claims against the City under 42 U.S.C. § 1983.

## II. DISCUSSION

### A. *Legal Standard*

██ Federal Rule of Civil Procedure 15(a) states that after a responsive pleading is filed in an action, "a party may amend the party's

---

1. Plaintiff's claim under Article I, Section 7 of the state Constitution is concurrent with his federal First Amendment claim and alleges no new

facts. Therefore, defendant does not object to its inclusion in an amended complaint.

pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In deciding whether to exercise its discretion to grant a motion to amend under Fed.R.Civ.P. 15(a), a court should consider, among other things, whether the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Coventry v. U.S. Steel Corp.,* 856 F.2d 514, 519 (3d Cir.1988). More precisely, if the amended claim would not withstand a motion to dismiss, the court may deny leave to amend to add that claim. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). Hence, upon finding that plaintiff's new allegations do not state a cause of action, I shall deny his motion to amend to add his proposed claims based upon those allegations.

### B. *Plaintiff's Privacy Claims*

■ Plaintiff's proposed claims under the Fourth and Fourteenth Amendment of the United States Constitution, under Article I, Sections 1 and 8 of the Pennsylvania Constitution, and under state tort law are claims for the violation of his right to privacy and his right to be free from unreasonable searches and seizures. The factual basis for these claims is defendants' allegedly unauthorized use of the CLEAN system to attain plaintiff's motor vehicle registration information. However, even taken as true and viewed in the light most favorable to plaintiff, *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 506 (3d Cir.1985), plaintiff's allegations do not state a cause of action and would not survive a motion to dismiss.

Plaintiff's proposed amendments to his amended complaint contain the following allegations: that defendants used the CLEAN system "to obtain motor vehicle licensing information about a candidate for municipal employment;" that defendants received CLEAN printouts "in response to their request for the address of the plaintiff;" and that defendants unlawfully used the CLEAN system "to investigate plaintiff's residency," which they allegedly disclosed thereafter. Proposed Amended Complaint, ¶¶ 37–39. In sum, plaintiff's new allegations amount to the improper access to and disclosure of plaintiff's address by defendants through the unauthorized use of the CLEAN system.[2]

However, plaintiff does not have a privacy interest in the information that defendants allegedly accessed improperly. In order to establish a violation of a Constitutional or common law right of privacy, plaintiff's allegations must establish that he had a reasonable expectation of privacy in the information exposed. Under the laws of Pennsylvania, certain information in motor vehicle registration records is a matter of public record and readily accessible by the public. 67 Pa.Code. § 95.2. Included in this public information is the name, address, date of birth and driver's license number for all registered drivers.

Because plaintiff could have no reasonable expectation of privacy in the address listed in his motor vehicle registration records—which is of public record and available to anyone who requests the information—he has not stated a cause of action for the infringement of his right to privacy under either the United States Constitution or Article I, Section 1 of Pennsylvania Constitution. *See Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Commonwealth v. Blystone,* 519 Pa. 450, 549 A.2d 81 (1988), *aff'd,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990). Likewise, a showing of a reasonable expectation of privacy is also required to state a cause of action for the violation of the protection from unreasonable searches and seizures provided in the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. *Maryland v. Macon,* 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985); *Blystone,* 549

---

**2.** In his reply, plaintiff contends that defendants are mistaken in assuming that only plaintiff's address and motor vehicle information were accessed from the CLEAN system. In fact, plaintiff believes that more information may have been accessed, but it is "not known" what that information might have been. However, plaintiff's proposed amendments contain no allegations that even hint at any other information accessed. Instead, the proposed amendments focus on the access and disclosure of plaintiff's address and do not include reference to any private information that may have been disclosed.

A.2d at 87. Finally, plaintiff's claim based upon the common law tort of intrusion upon seclusion must also fail, for he has not alleged intrusion upon his private affairs or concerns. *See Harris by Harris v. Easton Publishing Co.,* 335 Pa.Super. 141, 483 A.2d 1377 (1984). Plaintiff's allegations state only that defendants accessed and disclosed public information pertaining to him. As such, plaintiff's proposed amendments do not state a cause of action for the violation of plaintiff's right to privacy, and his motion to amend his complaint to include these allegations shall be denied.

#### C. *Plaintiff's Other Proposed Amendments*

In addition to his new privacy claims, plaintiff also seeks to add a claim under Article I, Section 7 of the Pennsylvania Constitution, and he has retained language demanding punitive damages against the City of Allentown in his proposed amended complaint. As stated above, defendants do not object to the addition of plaintiff's new Article I, Section 7 claim. Hence, plaintiff's motion to add that claim shall be granted. However, the language demanding punitive damages against Allentown under 42 U.S.C. § 1983 shall be stricken, as this Court has previously held in this case that plaintiff may not recover punitive damages against a municipality under § 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend his amended complaint is GRANTED IN PART and DENIED IN PART. An appropriate order follows.

#### ORDER

Upon consideration of plaintiff John W. Holder's motion for leave to amend his amended complaint, defendants' response, plaintiff's reply, and for the reasons stated in the accompanying memorandum, plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Leave to amend is GRANTED with respect to plaintiff's proposed claim that his termination violated his rights under Article I, Section 7 of the Pennsylvania Constitution. Leave to amend is DENIED with respect to plaintiff's claims arising from defendant's access to his motor vehicle registration information and his claims for punitive damages against the City of Allentown under 42 U.S.C. § 1983.

IT IS SO ORDERED.